**H. MESSICK, INC., Plaintiff,**

v.

**BAGGETT TRANSPORTATION COMPANY, C. I. Whitten Transfer Co., and United States of America, Defendants.**

**No. 2040.**

United States District Court
W. D. Missouri,
Southwestern Division.

April 4, 1967.

F. Russell Millin, U. S. Dist. Atty., Kansas City, Mo., Turner White, III, Springfield, Mo., for plaintiff.

Albert Thomson, Kansas City, Mo., for intervenor, Tri-State Motor Transit Co.

Robert Joyner, Memphis, Tenn., for Baggett Transp. Co. and C. I Whitten Transfer Co.

Harry F. Horak, Kansas City, Mo., for Interstate Commerce Commission.

## MEMORANDUM AND ORDER OF DISMISSAL

ELMO B. HUNTER, District Judge.

H. Messick, Inc., plaintiff, on March 3, 1967 filed its complaint against Baggett Transportation Company, C. I. Whitten Transfer Co., and United States of America. By later amended complaint plaintiff seeks to have this Court order the Interstate Commerce Commission to issue a permit to plaintiff to operate its trucks over certain routes and to restrain defendants Baggett and Whitten from instituting or pursuing an action in any other court pending determination of this case. The Interstate Commerce Commission has been permitted to intervene as a party defendant, and Tri-State Motor Transit Company, alleging it is operating under the rights of H. Messick, Inc., has been allowed to intervene as a party plaintiff.

The Interstate Commerce Commission has filed a motion to dismiss the complaint with prejudice on the ground the complaint fails to state a cause of action upon which relief can be granted. Also pending is the motion of plaintiff Messick, Inc., to require Baggett to stay further action in a certain case pending in the United States District Court for the Northern District of Alabama, titled Baggett Transportation Company, plaintiff, v. United States of America and Interstate Commerce Commission, defendants, Civil Action No. 67–153.

An evidentiary hearing was held on March 30, 1967, on all pending motions, pursuant to a show cause order. Illuminated thereby, there unfolds an approximate seven year series of litigation

which began by H. Messick, Inc., seeking a permit from Interstate Commerce Commission to operate as a contract carrier by motor vehicle transportation of explosives, blasting agents, blasting materials and supplies under contract with Hercules Powder Company between its plants near Carthage, Missouri, McAdory, Alabama, and Kenvil, New Jersey, on one hand and points in numerous states surrounding each plant. Messick on July 8, 1963, was successful before the Commission (Docket #MC–623––Sub No. 32), but Baggett through a three judge court review of the Commission's Order succeeded in having the matter remanded to the Commission "for further action by the Commission in accordance with the views herein expressed." See, Baggett Transportation Company and C. I. Whitten Transfer Co., Inc. v. United States of America, Interstate Commerce Commission and H. Messick, Inc., D.C., 231 F.Supp. 905. Thereafter, proceeding under the quoted mandate the Commission, after further hearing, on December 15, 1966, again found in favor of Messick, Inc., (No. MC–623––Sub No. 32).

On March 3, 1967, Baggett filed its complaint in the United States District Court for the Northern District of Alabama, Southern Division (Civil Action No. 67153) to enjoin, annul and set aside the Interstate Commerce Commission's Order of December 15, 1966, and on that same day obtained a temporary restraining order enjoining the named defendants therein from enforcing the order. On March 13, 1967 Chief Judge Tuttle of the Fifth Circuit designated a three judge court to hear and determine the case.

Thus, we have two actions, both filed on the same day. The Alabama action to "enjoin and set aside" the Commission's order is pending before a three judge Federal Court and the Missouri action, termed loosely one "to enforce" the Commission's order is pending before a single judge Federal Court.

Considering for a moment what the complainant Messick in the instant action is really seeking, it is apparent it is not entitled to the requested relief. Although the Commission concluded Messick should be awarded a contract carrier permit as sought in its application that conclusion is under timely review before the three judge Federal Court that had remanded the case to the Commission for further action in accordance with its earlier opinion. If this Court should issue the order requested by Messick, it would have the effect of depriving Baggett of its three judge Federal Court review of the propriety of the Commission's action and order, and also would place the Commission in the unconscionable position of being forced to violate either the order of this Court or the order of the Alabama Court. The Alabama Court has prohibited the Commission from issuing the permit (pending its review of whether the permit was properly issued in compliance with the earlier Court order). It would be improper for this Court now to direct the Commission to issue the permit in direct violation of the order of the Alabama Court.

Further analysis of the complaint and the pending motion to order a "stay" of the Alabama Court action pending determination of this proceeding leads to the conclusion that what Messick is really seeking to accomplish in effect is a transfer to this Court of the matters before the Alabama Court, and all this to a single judge Court. For stripped to the bone, complainant Messick seeks to compel Baggett to challenge the validity of the Commission's decision (if it is to have any right of challenge at all) in an improper forum.

Baggett was the unsuccessful party in the Commission's proceeding and Baggett has the right to seek to have the Commission's decision set aside by filing appropriate suit in its home district, as provided by statute. See, 28 U.S.C. § 1398. Baggett cannot be compelled directly or indirectly to have its suit to set aside the Commission's order tried in Missouri. To do so would not only deprive Baggett of its rightful forum but also would disrupt the orderly process of judicial review in the Alabama case contemplated by the pertinent statutes. If

Messick were permitted to do what it is here attempting any successful party to a Commission's proceeding could prevent its opponent from obtaining a judicial review in the district of its residence; as authorized by statute, by the expedient of filing its own suit "to enforce" the Commission's decision, and by asking that its opponent's suit be stayed. Such a proceeding, if tolerated, would clearly disrupt the statutory scheme of judicial review established by Congress. All parties and all issues are before the Alabama Court and the orderly disposition of that case should not be disrupted.

The Commission has made it clear that if and when it is legally free to do so it will issue the permit to Messick. As the case is now postured Messick has no legal right to seek in this Court "to enforce" the unissued order. Nor would it be proper for this Court to order the Commission to issue the order to Messick.

The motion of defendant Interstate Commerce Commission to Dismiss the Action is sustained, and plaintiff's complaint is hereby dismissed with prejudice for the reason it presents no cause of action within this Court's jurisdiction.

It is so ordered.